MORTON S. WOLF, Plaintiff, *v.* GEORGE E. ROOSEVELT and Others, Defendants.

Supreme Court, Special Term, New York County, March 16, 1942.

*Gerdes & Montgomery*, for the plaintiff.

*Rosenberg, Goldmark & Colin* [*Milton M. Bergerman, Herman Jervis* and *Joseph Cohen* of counsel], for the defendants.

STEUER, J. Plaintiff is the owner of voting trust certificates of the Sherneth Corporation. This corporation was organized pursuant to a plan of reorganization for the 59th Street and 5th Avenue Corporation, then owner of the real property known as the Sherry Netherland Hotel. The plan of reorganization was part of the proceedings in the United States District Court under section 77B (now § 101 *et seq.*) of the Bankruptcy Act and it included an agreement for a voting trust of all of the shares of the Sherneth Corporation. The voting trust is dated as of January 2, 1936, and provides that it is to last until January 2, 1946, unless sooner terminated. The complaint seeks a declaratory judgment to the effect that the voting trust agreement expired on January 2, 1941. None of the facts is in dispute and the motion seeks judgment on the pleadings.

The basis of the plaintiff's contention that the voting trust has expired was the enactment of subdivision 2 of section 130-c of the Real Property Law, which became effective June 8, 1936. The subdivision reads: " 2. No agreement appointing trustees to vote the stock of any corporation formed or used under a plan of reorganization of property shall be valid for a longer term than five years and unless it has been submitted to and approved by the court and no trustees appointed by such agreement shall continue to act thereunder after the expiration of its term, unless and until a new or extension agreement has been entered into and received the affirmative approval of the holders of at least fifty-one per centum of the stock."

The defendants (the voting trustees) have pleaded six affirmative defenses each with the object of advancing a reason why this statute does not apply to the situation under consideration. As to five of them it suffices to say that the argument has been advanced and found untenable in decisions of controlling weight. Enumeration would serve no purpose.

The remaining defense is that the statute is prospective and has, therefore, no reference to agreements in existence at the time of its enactment. In determining this question counsel are agreed

on the applicable general rules of construction—that a retrospective interpretation is only warranted where the statute demands it and the situation the statute is designed to correct is to be taken into consideration in determining the legislative intent. However, the language of the statute is the surest guide to that intent. (*Woollcott* v. *Shubert*, 217 N. Y. 212.)

Prior to the enactment of the statute in question voting trusts of any nature were limited to a term of ten years. (Stock Corp. Law, § 50.) No limitation existed upon the right to make such an agreement. In the case of corporations formed or used under a plan for reorganization of realty, subdivision 2 of section 130-c of the Real Property Law, in addition to shortening the permissible term, provides a condition precedent to validity — approval by the court. It is a necessary interpretation that if existing voting trusts of affected corporations are limited to a term of five years from their inception it must also be true that those which have not been submitted to the court and approved are invalid. The net effect would be that such agreements would terminate on the enactment. The Legislature has the power to do so and may terminate any voting trust agreement or any particular class or kind as it sees fit. The exercise of such power is not indicated. Failing such an indication it must be held that the statute is prospective, only applying to agreements entering into after its effective date.

Plaintiff urges that the determination in *Matter of Morse* (*Bank of America*) (247 N. Y. 290) compels a different conclusion. It was therein decided that an amendment to section 50 of the Stock Corporation Law providing that the section should not apply to banking corporations affected existing voting trust agreements and nullified them. The decision does not, as the plaintiff claims, have the effect of establishing a policy in regard to the nature of voting trust legislation to the effect that all such legislation is to be deemed to apply to existing agreements unless expressly limited to prospective agreements. The amendment under review in that case prohibited a stockholder of a banking corporation from its effective date from entering an existing voting trust agreement. The court determined that this prohibition would defeat the very purpose of those existing agreements and that it was a necessary consequence that if the intent was to defeat the purpose it was also to abolish the existence.

No such situation exists here nor does anything compel the application contended for. Under the circumstances the plain and ordinary interpretation will prevail.

Motion denied.